Rodrick J. Morris
2800 Kirby Drive #B429
Houston, TX 77098
Rodrickjmorris2013@gmail.com

United States Courts
Southern District of Texas
FILED

JAN 2 5 2013

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF TEXAS - HOUSTON

13-195

Rodrick J. Morris )
)
      Plaintiff, ) Case No.:
)
  vs. )
)
Conn Credit Co, Main Street ) **Fair Credit Reporting**
) **Act ("FCRA")**
Acquisition, Palisades Collection )
) **Fair & Accurate Credit**
LLCs, Santander Consumer USA, Vantage ) **Transaction Act ("FACTA")**
)
Mortgage Group, Creditfax Cisco Inc, ) **Fair Debt Collections Practices**
) **Act ("FDCPA")**
PB Financial Group, Saferent, AT&T )
)
Service Inc, Triad Financial, )
)
Commercial Recovery Systems, Old )
)
Republic Credit, Union Home Loan Inc, )
)
Chase NA, Pearl Capital, American )
)
Finance SLTNS, )
)
      Defendant )

    Upon information and belief, and in good faith, Plaintiff Rodrick J. Morris alleges as follows.

**PRELIMINARY STATEMENT**

1. Plaintiff, Rodrick J. Morris brings this action for damages based in part, upon Defendants' violation of the **Fair Credit Reporting Act** ("FCRA") codified at 15 U.S.C. § 1681 et seq., the **Fair Debt Collection Practices Act** ("FDCPA"), 15 U.S.C. § 1692 et seq., The

**Fair and Accurate Credit Transactions Act of 2003 FACT Act or FACTA,** Pub.L. 108-159.

2. Under § 616 of the Act, (15 U.S.C. § 1681n). " An entity that meets the definitional requirement for a "consumer reporting agency" (CRA) in section 603(f) of the FCRA is covered by the law even if the only information it collects, maintains, and disseminates is obtained from "public record" sources.

3. Section 603(f) defines a "consumer reporting agency" (CRA) as any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information...for the purpose of furnishing consumer reports to third parties". In turn, Section 603(d) defines a "consumer report" as the communication of "any information" by a CRA that bears on a consumer credit worthiness, credit rating, credit capacity, character, general reputation, personal characteristics, or mode of living" that is "used or expected to be used or collected in whole or in part" for the purpose of serving as a factor in establishing eligibility for credit or insurance to be used primarily for personal, family or household purposes, employment purposes, or any other purpose authorized under Section (604).

4. A consumer may recover either actual damages or a minimum of $100 and a maximum of $1000 plus punitive damages and reasonable attorney's fees and costs for willful noncompliance with the Act". Under § 617 of the Act, (15 U.S.C. § 1681o), recovery for a negligent violation is of actual damages, plus attorney's fees. Under § 618, a consumer may file suit in state or federal court to enforce the Act, and the statute of limitations is the earlier of 2 years from discovery and 5 years from the violation. (15 U.S.C. § 1681p).

**JURISDICTION**

5. The jurisdiction of this court is conferred by 15 U.S.C., 1681(p) and 28 U.S.C. 1331. Venue lies in Harris County in the U.S. District Court, Southern District of Texas-Houston.

**PARTIES**

6. Plaintiff, Rodrick J. Morris. (hereafter "I", "my", or Plaintiff") is a resident of Houston Texas. Plaintiff is a "consumer" as defined by FCRA 1681(a) of the FCRA.

7. Upon information and belief, <u>Conn Credit Co</u>, is debt collector as defined by the FDCPA 1692a(6), a person as defined by FCRA 1681a(b), a reseller as defined by FCRA 1681a(u) and is a furnisher of information as contemplated by FCRA 1681s-2(a)(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experience with any consumer.

8. Upon information and belief, <u>Main Street Acquisition</u>, is debt collector as defined by the FDCPA 1692a(6), a person as defined by FCRA 1681a(b), a reseller as defined by FCRA 1681a(u) and is a furnisher of information as contemplated by FCRA 1681s-2(a)(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experience with any consumer.

9. Upon information and belief, Defendant <u>Palisades Collection LLCs</u>, is debt collector as defined by the FDCPA 1692a(6), a person as defined by FCRA 1681a(b), a reseller as defined by FCRA 1681a(u) and is a furnisher of information as contemplated by FCRA 1681s-2(a)(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experience with any consumer.

10. Upon information and belief, Defendant <u>Santander Consumer USA</u>, is a "furnisher" of information as contemplated by FCRA 1681s-

2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

11. Upon information and belief, Defendant <u>Saferent</u>, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

12. Upon information and belief, Defendant <u>Creditfax Cisco Inc</u>, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

13. Upon information and belief, Defendant <u>AT&T Service Inc</u>, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

14. Upon information and belief, Defendant <u>Pearl Capital</u>, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

15. Upon information and belief, Defendant <u>Old Republic Credit</u>, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

16. Upon information and belief, Defendant <u>Union Home Loan Inc</u>, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes

information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

17. Upon information and belief, <u>American Finance SLTNS</u>, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

18. Upon information and belief, <u>Chase NA</u>, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

19. Upon information and belief, Defendant <u>Triad Financial</u>, is debt collector as defined by the FDCPA 1692a(6), a person as defined by FCRA 1681a(b), a reseller as defined by FCRA 1681a(u) and is a furnisher of information as contemplated by FCRA 1681s-2(a)(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experience with any consumer.

20. Upon information and belief, Defendant <u>Commercial Recovery Systems,</u> is debt collector as defined by the FDCPA 1692a(6), a person as defined by FCRA 1681a(b), a reseller as defined by FCRA 1681a(u) and is a furnisher of information as contemplated by FCRA 1681s-2(a)(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experience with any consumer.

21. Upon information and belief, Defendant <u>Vantage Mortgage Group</u>, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

22. Upon information and belief, Defendant <u>PB Financial Group</u>, is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transaction or experiences with any consumer.

## ALLEGATIONS & CAUSE OF ACTION

23. Plaintiff repeat(s), allege(s), contend(s), assert/reasserts all Defendants have in part (1.) obtain Plaintiff's Credit Report without Plaintiff's permission, (2.) have been reporting and continues to report fraudulent, erroneous, incomplete, inaccurate and misleading personal information concerning Plaintiff's person(s) and business transactions and relations etc., (3) have in part, failed to comply with the Federal Trade Commissions rules, regulations and guidelines regarding the reporting of data, consumer disputes and the process for investigations etc., all in part in violation of "FCRA", "FDCPA" and "FACTA" which has in part, caused Plaintiff to be hindered in obtaining credit, insurance, banking and financial opportunities. Also, Plaintiff incorporates by reference the foregoing paragraphs.

24. <u>Conn Credit Co</u>; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureaus in Violations of FDCPA Sections 809(b) as evident by Trans Union Report#315690234, Experian Report #1411459735 and Equifax Report #2361023762 and in violation of FCRA 604 and Sections 1681b (a)(3)(F).

25. <u>Conn Credit Co</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission on or about October 2008 as evident by Trans Union Report#315690234, Experian Report #1411459735 and Equifax Report #2361023762 and in violation of FCRA 604 and Sections 1681b (a)(3)(F).

26. Main Street Acquisition; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureaus in Violations of FDCPA Sections 809(b).

27. Main Street Acquisition; Willfully and negligently "Re age" fraudulent account by updating date of last activity on Plaintiff's credit report in order to keep negative information on an account longer in violation of FCRA 605(c) on or about October 2008 and.

28. Main Street Acquisition; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission on or about October 2008 as evident by Trans Union Report #216997726 dated 2/9/2010 and Experian Report #1192-6430-92, and in violation of FCRA 604 and Sections 1681b (a)(3)(F).

29. Commercial Recovery Systems; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureaus in Violations of FDCPA Sections 809(b) as evident by Trans Union Report#315690234, Experian Report #1411459735 and Equifax Report #2361023762 and in violation of FCRA 604 and Sections 1681b (a)(3)(F).

30. Commercial Recovery Systems; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission as evident by Trans Union Report#315690234, Experian Report #1411459735 and Equifax Report #2361023762 and in violation of FCRA 604 and Sections 1681b (a)(3)(F).

31. Triad Financial; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureaus in Violations of FDCPA Sections 809(b).

32. Triad Financial; Willfully and negligently "Re age" fraudulent account by updating date of last activity on Plaintiff's credit report in order to keep negative information on an account longer in violation of FCRA 605(c).

33. Triad Financial; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission as evident by Trans Union Report #216997726, and Experian Report #1192-6430-92 and in violation of FCRA 604 and Sections 1681b (a)(3)(F).

34. Saferent; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) this is evident by Trans Union Report number

35. PB Financial Group willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and Sections 1681b (a)(3)(F) this is evident by Experian Report number #1192-6430-92.

36. Old Republic Credit; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission evident by Trans Union Report#315690234, Experian Report #1411459735 and Equifax Report #2361023762 and in violation of FCRA 604 and Sections 1681b (a)(3)(F).

37. CHASE NA; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission as evident by Trans Union Report#315690234, Experian Report #1411459735 and Equifax Report #2361023762 and in violation of FCRA 604 and Sections 1681b (a)(3)(F).

38. Pearl Capital; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission as evident by Trans Union Report#315690234, Experian Report #1411459735 and Equifax Report #2361023762 and in violation of FCRA 604 and Sections 1681b (a)(3)(F).

39. American Finance SLTNS; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission as evident by Trans Union Report#315690234, Experian Report #1411459735 and Equifax Report #2361023762 and in violation of FCRA 604 and Sections 1681b (a)(3)(F).

40. Vantage Mortgage Group; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission as evident by Trans Union Report#315690234, Experian Report #1411459735 and Equifax Report #2361023762 and in violation of FCRA 604 and Sections 1681b (a)(3)(F).

41. Creditfax Cisco Inc; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission as evident by Trans Union Report#315690234, Experian Report #1411459735 and Equifax Report #2361023762 and in violation of FCRA 604 and Sections 1681b (a)(3)(F).

42. AT&T Service Inc; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission as evident by Trans Union Report#315690234, Experian Report #1411459735 and Equifax Report #2361023762 and in violation of FCRA 604 and Sections 1681b (a)(3)(F).

43. Santander USA Consumer; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission as evident by Trans Union Report#315690234, Experian Report #1411459735 and Equifax Report #2361023762 and in violation of FCRA 604 and Sections 1681b (a)(3)(F).

44. Palisades Collection LLC; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureaus in Violations of FDCPA Sections 809(b).

45. Palisades Collection LLC; Willfully and negligently "Re age" fraudulent account by updating date of last activity on Plaintiff's credit report in order to keep negative information on an account longer in violation of FCRA 605(c).

46. Palisades Collection LLC; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission as evident by Trans Union Report #216997726, and Experian Report #1192-6430-92 and in violation of FCRA 604 and Sections 1681b (a)(3)(F).

47. <u>Union Home Loan Inc</u>; willfully and negligently obtain Plaintiff's credit report without Plaintiff's permission as evident by Trans Union Report#315690234, Experian Report #1411459735 and Equifax Report #2361023762 and in violation of FCRA 604 and Sections 1681b(a)(3)(F).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests:

a.) That Plaintiff be allowed to amend complaint to correct defects in his/her complaint and in accordance with any Federal Rules of Civil Procedure, Local Rules etc., and/or as allowed by law.

b.) Defendants from further reporting of inaccurate and erroneous adverse information regarding Plaintiff's consumer credit information;

c.) Costs and fees; and

d.) Such other relief as may be just and proper.

January 24, 2013

_____
Rodrick J. Morris
Pro Se

(281) 543-1701