IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RODRICK J. MORRIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-13-195 |
| § | |
| CONN CREDIT CO., *et al.*, § | |
| § | |
| Defendants. § | |

ORDER

Pending before the Court is Defendants Santander Consumer USA and Triad Financial's Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim (Documents No. 12 & 13). Having considered the motion and the applicable law, the Court finds that the motion should be granted in part and denied in part, and that Plaintiff Rodrick J. Morris should be granted leave to amend his Complaint as to Defendant Triad Financial.

I. BACKGROUND

Plaintiff Rodrick J. Morris ("Morris") has sued sixteen defendants under the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"). Specifically related to this motion, Morris alleges three claims against Defendant Triad Financial ("Triad") and one claim against Defendant Santander Consumer USA, Inc. ("Santander").

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' it demands more than 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "'[A] formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

In paragraphs 33 and 43 of his Complaint, Morris contends that both Triad and Santander obtained his credit report without his permission in violation of Section 604 of the Fair Credit Reporting Act.[1] In support of these claims, Morris references specific credit reports, giving Defendants some notice of the claims against them, thus Defendant Triad and Santander's motion as to these claims is denied at this time.

Morris also, however, alleges that Triad "willfully and negligently failed to validate Plaintiff's allege[d] debt and continue[s] to report to [c]redit [b]ureaus in [v]iolation[] of [the] FDCPA Section[] 809(b)" and "willfully and negligently 'Re age' fraudulent account [sic] by updating [the] date of last activity on Plaintiff's credit report in order to keep negative information on an account longer in violation of [the] FCRA [§] 605(c)."[2] These two allegations are conclusory and fail to identify any specific facts supporting the claim. Morris does not identify what debts he contends are being improperly reported by Triad, nor does he explain any basis for his allegations. The Court, therefore, grants Triad Financial's motion to dismiss these two claims.

---

[1] *Plaintiff's Original Complaint*, Document No. 1 at 8–9, ¶¶ 33, 43.

[2] *Plaintiff's Original Complaint*, Document No. 1 at 7, ¶¶ 31–32.

Generally, courts allow one chance to amend deficient pleadings. *See, e.g., Abecassis v. Wyatt*, 785 F. Supp. 2d 614, 626 (S.D. Tex. 2010) (Rosenthal, J.) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002)). Therefore, the Court finds that Morris should be granted leave to amend his Complaint related to these two claims in order to articulate claims upon which relief can be granted, if such claims exists.

## IV. CONCLUSION

Based on the foregoing, the Court

**ORDERS** that Defendants Santander Consumer USA and Triad Financial's Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim (Documents No. 12 & 13) is **GRANTED IN PART** and **DENIED IN PART** as stated herein. The Court further

**ORDERS** that two of the three claims asserted by Plaintiff Rodrick J. Morris against Triad Financial are dismissed as identified herein. The Court further

**ORDERS** that Plaintiff Rodrick J. Morris shall have until August 16, 2013, to amend his Complaint relative to the two claims that are hereby dismissed. Failure to amend the Complaint as stated herein will result in the abandonment of these claims.

SIGNED at Houston, Texas, on this __31__ day of July, 2013.

_____
DAVID HITTNER
United States District Judge

4